UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUKUL KUMAR, a married individual,<br><br>        Plaintiff,<br><br>Vs.<br><br>THE BOEING COMPANY,<br><br>        Defendant. | No. 2:15-cv-00063<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiff by and through his attorney of record, Rodney R. Moody, and hereby allege as follows:

## I. INTRODUCTION

1.1   This complaint is brought seeking declaratory relief that the "Settlement and Release Agreement" dated March 18, 2014 is void, alleging the failure to comply with the Older Workers Benefit Protection Act (OWBPA), and discrimination because of the Plaintiff's age and race pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination Employment Act (ADEA), and the Washington Law Against Discrimination (WLAD), RCW 49.60.180.

## II. JURISDICTION

2.1   This Court has personal and subject matter jurisdiction over Plaintiff's civil rights claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq, the Age

COMPLAINT FOR DAMAGES
Page 1 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

Discrimination Employment Act (ADEA), 29 U.S.C. § 621, et. seq., and Title 28 United States Code, § 1331.

2.2  The acts and omissions complained of below occurred in Snohomish County, Washington. The Boeing Company is a corporation located in Snohomish County, Washington.

2.3  Jurisdiction for the State law claims against all Defendants is pursuant to the laws of the State of Washington and is conferred upon this Court by the doctrine of pendant and supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367.

2.4  Venue in this Court is appropriate pursuant to Title 28, United States Code, § 1391.

### III. PARTIES

3.1  At all times complained of below the Plaintiff was a citizen of the State of Washington and resident of Snohomish County.

3.2  The Boeing Company is a corporation licensed within the State of Washington.

### IV. FACTS

4.1  On March 18, 2014, the Plaintiff had been employed by the Defendant for a period of time exceeding 20 years.

4.2  On March 18, 2014, the Plaintiff's employment with the Defendant was involuntarily terminated by the Defendant.

4.3  The Plaintiff in March 2014 was more than 60 years of age. The Plaintiff is of Indian descent.

4.4  At all times during his employment the Plaintiff performed his job in a fully satisfactory manner.

4.5  In 2011 and into 2012 the Plaintiff's immediate supervisor, Randy Sinn, was supportive of the Plaintiff rating him highly on his performance reviews. In July 2012, the Plaintiff's manager was changed to Peter Chambers.

COMPLAINT FOR DAMAGES
Page 2 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

4.6 Mr. Chambers on July 30th told the Plaintiff that he was very angry with him because the Plaintiff was making more money than he was. This was stated in a very loud and confrontational voice leaving the Plaintiff feeling intimidated and harassed.

4.7 On August 10, 2012, Mr. Chambers approached the Plaintiff and told him that he was going to give him a very negative and low rating for his 2012 interim performance review because his manager had done the same thing to him. Mr. Chambers also stated at that time not to let the negative comments and low ratings ruin his weekend. Plaintiff's work performance warranted a much higher rating and he expressed his disagreement with this low rating.

4.8 On August 13, 2012, the Plaintiff prepared and submitted to the Defendant a Confidential Case Submittal regarding the allegations described in paragraph 4.7.

4.9 Throughout 2012 and into 2013 the Plaintiff continued to experience abusive, and harassing behavior directed toward him by Mr. Chambers.

4.10 Mr. Chambers attempted throughout 2012 to encourage the Plaintiff to open a side business which would compete with the Plaintiff's employment with the Defendant. Mr. Chambers stated to the Plaintiff, "Mike, you are not going to make any money in this Boeing job." "To make real money, you need to start a side business." The Plaintiff told Mr. Chambers directly he was not interested in pursuing a side business as this was a conflict of interest.

4.11 On April 8, 2013, the Plaintiff filed an Employment Discrimination Complaint with the Equal Employment Opportunity Commission (EEOC). In this Complaint he described the comments being made to him regarding the necessity to open a side job, the fact that he was making more money then Mr. Chambers, and the description why he was being given a lower job performance rating because of Mr. Chambers's prior managers action directed toward him. In addition, on March 22, 2013 the Plaintiff was given a raise of only 2% based upon the recommendation of

COMPLAINT FOR DAMAGES
Page 3 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

Mr. Chambers which was the contractual minimum raise while the average raise for similarly situated employees was 5%. Mr. Chambers also downgraded the Plaintiff's retention rating from R2 to R3. All of this information was contained in the first EEOC complaint. All of these actions were unwarranted by the work performance of the Plaintiff.

4.12 In 2013 the Plaintiff's direct manager was changed again to Heidi Wolfe.

4.13 On February 22, 2014, the Plaintiff filed a Charge of Discrimination with the EEOC. The basis for the Charge of Discrimination was a Corrective Action Memo (CAM) issued to the Plaintiff by Ms. Wolfe on December 17, 2013. This CAM included an allegation that the Plaintiff had failed to protect the assets of Boeing when the Plaintiff contacted an outside supplier at the specific direction of his prior supervisor, Mr. Chambers.

4.14 Upon information and belief Mr. Chambers and Ms. Wolfe were personal acquaintances having both been assigned at the same time to work in Italy on behalf of the Defendant.

4.15 Ms. Wolfe also discussed directly with the Plaintiff his need to work a side business if he intended to make any significant money while working for the Defendant. The Plaintiff disagreed and asked both managers to not discuss this issue with him as he felt it was a conflict of interest.

4.16 The Charge of Discrimination was filed with the EEOC in February 2014. A Dismissal and Notice of Rights was issued on June 25, 2014, by the EEOC.

4.17 On March 18, 2014, the Plaintiff was called into a meeting with Ms. Wolfe, her immediate supervisor and a Senior Manager, Ken Langner, Marianne Madison for HR, a SPEEA representative, Kurt Schuetz, and an armed security guard. He was presented with the Settlement and Release Agreement (hereafter Agreement) by Mr. Langner and told that he was being given the opportunity to sign this agreement.

COMPLAINT FOR DAMAGES
Page 4 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

4.18  The Plaintiff had received no prior indication that his employment was in jeopardy from any manager. The Plaintiff had no prior notice of this meeting or the purpose for this meeting.

4.19  The Plaintiff immediately asked to have a different representative from SPEEA present with whom he was familiar and was told that this was not possible.

4.20  The Plaintiff inquired as to the purpose for the Agreement and was told by Mr. Langner that if he did not sign this agreement immediately he would lose all financial benefits which he had earned including his earned pension and access to healthcare insurance. The Plaintiff asked for time to consider this agreement and he was told that he would have to sign this immediately or not at all. The Plaintiff was told by Mr. Langner that if she did not sign the Agreement which was permitting him to be laid off he would instead be immediately terminated from employment. While this was taking place the armed security guard was standing immediately behind the Plaintiff close enough that they were almost touching. The Plaintiff was very intimidated as a result.

4.21  The Plaintiff was not permitted to have any time to consider the Agreement. The Plaintiff was not permitted to return to his desk and after this meeting was immediately escorted from the Defendant's premises by the armed security guard.

4.22  Upon information and belief the Agreement addressed issues which are covered by the OWBPA. The Plaintiff was not permitted 21 days to consider the agreement and was not permitted to have seven days to rescind the Agreement after it was signed. The Plaintiff was also not permitted the opportunity to review the Agreement with independent counsel of his choice.

4.23  On April 14, 2014, the Plaintiff filed a third Charge of Discrimination with the EEOC regarding his belief that he was laid off on March 18, 2014, in retaliation for his filing a charge of discrimination with the EEOC, because of his age, and because of his national origin. A

COMPLAINT FOR DAMAGES
Page 5 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

Dismissal and Notice of Rights was issued on October 17, 2014, including his 90 day notice of suit rights.

4.24   The Defendant was aware of the April 8, 2013, Discrimination Complaint and the February 22, 2014, Charge of Discrimination at the time the Plaintiff was terminated from employment on March 18, 2014.

4.25   Immediately prior to his termination the Defendant through Ms. Wolfe hired two individuals who have now replaced the Plaintiff. Both of these individuals were less than 40 years of age at the time they were placed into the replacement position of the Plaintiff. One of these individuals is Caucasian and one is of Middle Eastern descent.

## V. DECLARATORY RELIEF; RCW 7.24 et.seq.

5.1   Plaintiff hereby re-alleges each preceding paragraphs as fully set forth herein.

5.2   The Settlement and Release Agreement signed by the Plaintiff on March 18, 2014, by the Plaintiff was signed under duress. Plaintiff was denied the opportunity to review this Agreement with independent counsel prior to being required to sign this agreement immediately upon presentation without prior notification.

5.3   Upon information and belief this Agreement does address rights available to the Plaintiff under the OWBPA.

5.4   The Agreement does not comply with procedural requirements of the OWBPA and therefore is void.

5.5   The Agreement should be declared void and without any force or effect pursuant to the authority of RCW 7.24 et. seq.

## VI. OWBPA VIOLATION

6.1   The Plaintiff hereby re-alleges the preceding paragraphs as fully set forth herein.

COMPLAINT FOR DAMAGES
Page 6 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

6.2 The Plaintiff on March 18, 2014, without prior notification was called into a meeting with administrative personnel from the Defendant and presented with the Agreement without prior notification.

6.3 The Agreement failed to provide the Plaintiff with 21 days to consider the terms of the Agreement. The Agreement also failed to provide Plaintiff with seven (7) days to rescind the Agreement following its execution. The Plaintiff was also not provided with the opportunity to discuss the Agreement with independent counsel prior to its execution.

6.4 The actions of the Defendant through their representatives failed to comply with the OWBPA and have damaged Plaintiff as a result.

6.5 Plaintiff has been damaged in an amount to be established at trial.

## VII. RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

7.1 Plaintiff hereby re-alleges the preceding paragraphs as fully set forth herein.

7.2 The Plaintiff is of Indian descent and during his employment with Defendant was a member of a class protected under Title VII against race based discrimination by his employer.

7.3 This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

7.4 The Plaintiff at all times during his employment with the Defendant has performed his job in a fully satisfactory manner.

COMPLAINT FOR DAMAGES
Page 7 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

7.5   The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not true reasons but instead were pretext to hide the Defendant's discriminatory animus.

7.6   Upon information and belief the Plaintiff was replaced in his employment by individuals whose nationality is not of a protected category.

7.7   As a result of Defendant's actions the Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race.

7.8   Plaintiff has been damaged in an amount to be established at the time of trial.

## VIII. AGE DISCRIMINATION IN EMPLOYMENT ACT

8.1   Plaintiff hereby re-alleges the preceding paragraphs as fully set forth herein.

8.2   The Plaintiff in March 2014 was more than 40 years of age.

8.3   The Plaintiff at all times during his employment with the Defendant has performed his job in a fully satisfactory manner.

8.4   The Plaintiff was involuntarily terminated from his employment on March 18, 2014.

8.5   The Plaintiff was replaced in his employment upon information and belief by two individuals who are both under 40 years of age.

8.6   The above-described acts constitute a violation of the ADEA, 29 USC 621.

8.7   Plaintiff has been damaged in an amount to be established at the time of trial.

## IX. DISCRIMINATION IN VIOLATION OF WLAD

9.1   The Plaintiff hereby re-alleges the preceding paragraphs as if fully set forth herein.

9.2   The Plaintiff is of Indian descent and is more than 60 years of age.

9.3   At the time of his termination the Plaintiff was fully successful in his employment.

COMPLAINT FOR DAMAGES
Page 8 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

9.4   Upon information and belief the Plaintiff was replaced in his employment by individuals who are not of Indian descent. The Plaintiff was also replaced in his employment by individuals who are younger than 40 years of age.

9.5   The Plaintiff was discriminated against in his employment because of his racial ethnicity and his age which are both violations of the WLAD.

9.6   Plaintiff has been damaged in an amount to be established at the time of trial.

## X. RETALIATION

10.1   Plaintiff hereby re-alleges the preceding paragraphs as if fully set forth herein.

10.2   In 2013 and 2014 the Plaintiff filed with the Equal Employment Opportunity Commission three separate complaints regarding discriminatory conduct directed toward him because of his age and his race.

10.3   The Defendant was aware of the EEOC complaints which had been filed prior to March 18, 2014.

10.4   On March 18, 2014, the Defendant involuntarily terminated the employment of the Plaintiff because of the EEOC complaints which had been filed previously.

10.5   The Plaintiff has suffered economic damages in an amount to be established at the time of trial.

## XI. JURY DEMAND

11.1   Plaintiff demands a jury trial.

COMPLAINT FOR DAMAGES
Page 9 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

## XII. PRAYER FOR RELIEF

WHEREFORE having stated the preceding causes of action Plaintiff does hereby pray for relief as follows:

1. For declaratory relief determining the Settlement and Release Agreement to be void;
2. For his compensatory damages;
3. For his reasonable attorney's fees and costs of suit;
4. For such other and further relief as the court deems just and proper.

DATED this 15th day of January 2015.

/s/ Rodney R. Moody
Rodney R. Moody, WSBA #17416
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 10 of 10

*Law Office of*
**RODNEY R. MOODY**
2825 Colby Ave., Ste. 302
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941